```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                 EASTERN DIVISION 00003
```

**DONALD RICHARD,** *et al.,*

        **Plaintiffs,**

   **vs.**                                  Case No. 2:13-cv-1013
                                                    Judge Graham
                                                      Magistrate Judge King

**GARY C. MOHR,** *et al.,*

        **Defendants.**

## REPORT AND RECOMMENDATION

    Plaintiffs, state inmates who were convicted of criminal offenses prior to 1996, bring this action for declaratory and injunctive relief under 42 U.S.C. § 1983, alleging that the retroactive application to them of Ohio's current parole laws and guidelines violates the United States Constitution.  This matter is now before the Court on the initial screen of the complaint pursuant to 28 U.S.C. § 1915A, which requires this Court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(a)-(b)(1).

    In determining whether a complaint states a claim upon which relief may be granted, a court must construe the complaint in the light most favorable to the plaintiff and all well-pleaded facts must be accepted as true.  *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994).  The United States Supreme Court has explained

1

that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id*. Accordingly, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Plaintiffs bring this action on behalf of themselves and a putative class of plaintiffs under 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A *prima facie* case under § 1983 requires evidence of (1) conduct by an individual acting under color of state law that (2) causes (3) the deprivation of a right secured by the Constitution or laws of the United States. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Section 1983 merely provides a vehicle for enforcing individual rights found elsewhere and does not itself

establish any substantive rights.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

Plaintiffs were convicted of aggravated murder, murder, or rape prior to 1996.  Plaintiff Donald Richard is serving a sentence of 21 years to life, *Complaint*, Doc. No. 1, ¶ 44; plaintiff Dennis Calo is serving a sentence of 15 years to life, *id*. at ¶ 55; and plaintiff Ronald Jolly is serving a sentence of 10 to 25 years, *id*. at ¶ 62.  Plaintiffs have each been denied parole on multiple occasions.  *Id*. at ¶¶ 47 (plaintiff Richard denied three times), 59 (plaintiff Calo denied three times), 66-67 (plaintiff Jolly denied twice).  "Under the parole standards in place at the time of [] conviction," each plaintiff allegedly had a "constitutional expectation that the parole criteria . . . in effect at the time of the crime would be applied to his sentence[.]"  *Id*. at ¶ 45.  *See also id*. at ¶¶ 57, 63.  Instead, plaintiffs were evaluated by Ohio's Adult Parole Authority under parole laws and guidelines that post-date plaintiffs' convictions.  The *Complaint* alleges that "[t]he cumulative changes made in the parole laws and applied retroactively to [plaintiffs] have increased the length of incarceration before parole for [plaintiffs] based on circumstances that have not changed since [they were] sentenced and over which [they have] no control."  *See id*. at ¶ 61.  *See also id*. at ¶¶ 54, 70.

Plaintiffs allege that the retroactive application of Ohio's current parole regime to them violates the due process clause.  "A plaintiff bringing a § 1983 action for procedural due process must show that the state deprived him or her of a constitutionally

3

protected interest in 'life, liberty, or property' without due process of law." *Michael v. Ghee*, 498 F.3d 372, 377 (6th Cir. 2007) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)). To have a constitutionally protected interest in parole, a prisoner must have a "'legitimate claim of entitlement to it.'" *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). *See also Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). However, the United States Supreme Court has repeatedly declared that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7. *See also Michael*, 498 F.3d at 378; *Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006). "The Constitution of the United States does not require a state to provide a parole system." *Michael*, 498 F.3d at 378 (citing *Pennsylvania v. Finley,* 481 U.S. 551 (1987)). "More importantly, [t]he state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system." *Id*. (citing *Saunders v. Williams*, 89 F. App'x 923, 924 (6th Cir. 2003)). *See also State ex rel. Hattie v. Goldhardt*, 630 N.E.2d 696, 698 (Ohio 1994); O.R.C. § 2967.03 (providing that Ohio's adult parole authority "may" grant parole to a parole-eligible inmate under certain circumstances). Accordingly, the *Complaint* fails to state a colorable due process claim upon which relief can be granted.

Plaintiffs also allege that the retroactive application to them of Ohio's current parole regulations violates the Eighth Amendment

4

prohibition against cruel and unusual punishment. The Eighth Amendment prohibits punishment that contravenes the civilized standards of humanity and decency, or which involves the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations omitted). To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Here, the *Complaint* does not present any allegations about the conditions of plaintiffs' confinement or the deprivation of life's necessities. The *Complaint* also does not allege that plaintiffs have been detained beyond the terms of imprisonment imposed on them. *See e.g.*, *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). Accordingly, the *Complaint* fails to state a colorable Eighth Amendment claim.

Finally, the *Complaint* alleges that the retroactive application of Ohio's current parole regulations constitutes an *ex post facto* violation. The United States Constitution prohibits states from imposing or enforcing *ex post facto* laws. U.S. Const. art. I, § 10, cl. 1. "To fall within the *ex post facto* prohibition, a law must be retrospective – that is, 'it must apply to events occurring before its enactment'– and it 'must disadvantage the offender affected by it,' by altering the definition of criminal conduct or increasing the punishment for the crime[.]" *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (internal citations omitted). "Retroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." *Garner v. Jones*, 529 U.S. 244, 250 (2000) (citing

5

*Lynce*, 519 U.S. at 445-46). The controlling inquiry is whether the new laws "present a sufficient risk of increasing the plaintiff's amount of time actually served." *Michael*, 498 F.3d at 383 (citing *Garner*, 529 U.S. at 255). *See also Lewis-El v. Sampson*, 649 F.3d 423, 426 (6th Cir. 2011). "Plaintiffs can satisfy this burden in one of two ways. First, plaintiffs can establish an ex post facto violation if they can show that the guidelines, on their face, show a significant risk of increased incarceration." *Michael*, 498 F.3d at 384 (citing *Garner*, 529 U.S. at 250). "Second, when the guidelines do not by their own terms show a significant risk, plaintiffs 'must demonstrate, by evidence drawn from the [guidelines'] practical implementation by the agency charged with exercising discretion, that its application will result in a longer period of incarceration than under the earlier [guidelines].'" *Id*. (quoting *Garner*, 529 U.S. at 250).

    The *Complaint* alleges that "[t]he cumulative changes made in the parole laws and applied retroactively to [plaintiffs] have increased the length of incarceration before parole for [plaintiffs] based on circumstances that have not changed since [they were] sentenced and over which [they have] no control." *See Complaint*, ¶ 61. *See also id*. at ¶¶ 54, 70. Plaintiffs Richard and Calo have not, however, identified any changes in specific parole laws, regulations or policies that have affected them or created the alleged cumulative effects. Plaintiffs Richard and Calo have therefore failed to state a colorable *ex post facto* claim. *See Allen v. Collins*, 529 F. App'x 576, 582 (6th Cir. 2013) (an *ex post facto* claim based on the

6

"cumulative effects" of parole changes is insufficient where the plaintiff fails to identify the purported changes in parole policies that have affected him and that created the supposed cumulative effects).

Plaintiff Jolly alleges that the "1998 Guidelines and 1998 version of the (OAC) 5120:1-1-10(B)(2)" were retroactively applied to him at a 2002 parole hearing. *See Complaint*, ¶ 65. The *Complaint* also alleges that these "post 1996 parole standards have increased the length of incarceration before parole for Mr. Jolly based on circumstances that have not changed since he was sentenced and over which he has no control." *Id*. at ¶ 70. These conclusory allegations, *i.e.*, that the new guidelines increased the length of incarceration or that plaintiff would have been released earlier under the old guidelines, are "pure conjecture." *See Morehouse v. Mausser*, 2:10-CV-00045, 2011 WL 249490, at *6 (S.D. Ohio Jan. 26, 2011) ("Although plaintiff maintains that he would have been released earlier under the old guidelines, this statement is pure conjecture."). Plaintiff Jolly has not alleged any facts suggesting that the 1998 guidelines, on their face, show a significant risk of increased incarceration or that "application of the 1998 parole guidelines result in 'a longer period of incarceration than under the earlier guidelines.'" *Cf*. *Dotson v. Collins*, 317 F. App'x 439, 442 (6th Cir. 2008) (finding sufficient factual allegations of an *ex post facto* violation to survive a motion to dismiss). Furthermore, claims under 42 U.S.C. § 1983 must be initiated in Ohio within two years of the time the cause of action accrues. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989);

7

*Ealy v. Diorio*, No. 3:09cv052, 2009 WL 545106, at *2 (S.D. Ohio Mar. 3, 2009).  In this case, plaintiffs allege that the 1998 Guidelines were retroactively applied to plaintiff Jolly during a 2002 parole hearing, *Complaint*, ¶ 65, which occurred 11 years prior to the filing of this action.  Accordingly, plaintiff Jolly's claims premised on the retroactive application of the 1998 Guidelines during a 2002 parole hearing are untimely.  *See e.g.*, *Brown v. Collins*, No. 3:09-cv-1655, 2009 WL 3877507, at *3 (N.D. Ohio Nov. 18, 2009) (dismissing an *ex post facto* claim based on changes in Ohio's parole guidelines because, *inter alia*, the action was filed beyond the expiration of the two-year statute of limitations); *Nur v. Mausser*, No. 1:08-cv-110, 2008 WL 1775249, at *3 (N.D. Ohio Apr. 15, 2008) (same). The *Complaint* therefore fails to state a colorable claim under the *ex post facto* clause of the United States Constitution.

In short, the Court concludes that the *Complaint* fails to state a claim upon which relief can be granted.  It is therefore **RECOMMENDED** that the action be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


January 23, 2014                                    *s/Norah McCann King*
                                                    Norah M<sup>c</sup>Cann King
                                             United States Magistrate Judge

9