```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Donald Richard, et al.,

    Plaintiffs,

  v.                          Case No. 2:13-cv-1013

Gary C. Mohr, et al.,

    Defendants.

ORDER

    Plaintiffs are inmates who were convicted in Ohio of criminal offenses committed prior to 1996. Plaintiff Donald Richard is serving a sentence of twenty-one years to life for murder and possession of a weapon while under disability. Plaintiff Dennis Calo is serving a sentence of fifteen years to life for aggravated murder and aggravated robbery. Plaintiff Ronald Jolly is serving a sentence of ten to twenty-five years for rape. Plaintiffs have filed an action under 42 U.S.C. §1983 for declaratory and injunctive relief against Gary C. Mohr, the Director of the Ohio Department of Rehabilitation and Correction, and the members of the board of the Ohio Adult Parole Authority ("the APA"). Plaintiffs allege that the application of parole regulations and other laws enacted after July 1, 1996, to inmates such as themselves who were convicted of offenses committed prior to that date violates Ohio Rev. Code §5120.021. Plaintiffs also allege a violation of their civil rights under the United States Constitution. In particular, plaintiffs allege that the retroactive application of various Ohio laws and regulations relating to parole in contravention of §5120.021 violates the procedural due process requirements of the Fourteenth Amendment's Due Process Clause; the Eighth Amendment's

prohibition against cruel and unusual punishment; and the prohibition against the enforcement of ex post facto laws found in Article I, § 10, Clause 1.

On January 23, 2014, the magistrate judge filed a report and recommendation on the initial screen of plaintiffs' complaint pursuant to 28 U.S.C. §1915A, which requires the court, "in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," to dismiss a complaint that fails to state a claim upon which relief may be granted.  28 U.S.C. §1915A(a)-(b)(1).  The magistrate judge concluded that plaintiffs' complaint fails to state a claim upon which relief can be granted, and recommended that this action be dismissed.  See Doc. 3, p. 8.

This matter is before the court for consideration of plaintiffs' objections (Doc. 9) to the magistrate judge's reports and recommendations.  Plaintiffs have objected to the entire report and recommendation.  If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §636(b)(1).

I. Standards of Review

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or

2

upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Where the facts pleaded do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2). Id.

3

II. Plaintiffs' Claims

A. Due Process Violations

The magistrate judge correctly found that plaintiffs' allegations concerning the APA's application of various parole regulations and statutory provisions at parole hearings failed to state a colorable due process claim.  "A plaintiff bringing a §1983 action for procedural due process must show that the state deprived him or her of a constitutionally protected interest in 'life, liberty, or property' without due process of law."  Swihart v. Wilkinson, 209 F.App'x 456, 458 (6th Cir. 2006)(quoting Zinermon v. Burch, 494 U.S. 113, 125 (1990); see also Michael v. Ghee, 498 F.3d 372, 377 (6th Cir. 2007).  To have a constitutionally protected interest in parole, a prisoner must have a legitimate claim of entitlement to it.  Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979).  There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."  Id.  In addition, the Constitution does not require a state to provide a parole system. See Pennsylvania v. Finley, 481 U.S. 551 (1987).  The state of Ohio has not created a liberty interest in parole eligibility, as it has a completely discretionary parole system.  Swihart, 209 F.App'x at 458 (citing Saunders v. Williams, 89 F.App'x 923, 924 (6th Cir. 2003)); see also State ex rel. Seikbert v. Wilkinson, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994)("Ohio law gives a convicted person no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment").

Because plaintiffs have no protected liberty interest in being released on parole prior to the expiration of their sentences,

4

plaintiffs have alleged no due process right which has been infringed by defendants. Bruggeman v. Collins, No. 2:09-cv-381, 2011 WL 109478 at *4 (S.D. Ohio 2011)(rejecting due process challenge to Ohio's parole system).

Plaintiffs' complaint is based primarily on the APA's alleged violation of Ohio Rev. Code §5120.021. Plaintiffs correctly note that the magistrate judge did not refer to §5120.021 in the report and recommendation. However, this omission is not fatal to the magistrate judge's recommendation that the instant action be dismissed. To the extent that plaintiffs seek to assert claims based solely on an alleged violation of state law, those claims are not cognizable under § 1983. That statute is limited to deprivations of federal statutory and constitutional rights, and may not be used as a vehicle to challenge official conduct that allegedly violates state law. Michael, 498 F.3d at 375. Plaintiffs may raise a challenge to an established state procedure pursuant to §1983, but only to the extent that the challenge invokes federal statutory or constitutional rights. Id. at 375-76.

As noted above, plaintiffs' claims of due process violations, even those resulting from alleged violations of §5120.021, fail because plaintiffs have no constitutionally protected interest in life, liberty, or property in being released on parole. Swihart, 209 F.App'x at 458. In addition, plaintiffs' complaint fails to allege any violation of §5120.021 which could conceivably result in a due process violation. Section 5120.021 provides:

> (A) The provisions of Chapter 5120. of the Revised Code, as they existed prior to July 1, 1996, and that address the duration or potential duration of incarceration or parole or other forms of supervised release, apply to all persons upon whom a court imposed a term of imprisonment

5

>prior to July 1, 1996, and all persons upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.
>
>(B) The provisions of Chapter 5120. of the Revised Code, as they exist on or after July 1, 1996, and that address the duration or potential duration of incarceration or supervised release, apply to all persons upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996.
>
>(C) Nothing in this section limits or affects the applicability of any provision in Chapter 5120. of the Revised Code, as amended or enacted on or after July 1, 1996, that pertains to an issue other than the duration or potential duration of incarceration or supervised release, to persons in custody or under the supervision of the department of rehabilitation and correction.

§5120.021. The designated date, July 1, 1996, marked the change in Ohio from a system of indeterminate sentencing with eligibility for parole to a system of determinate sentences.

Plaintiffs, who were convicted of offenses committed prior to July 1, 1996, argue that this section precludes the APA from applying its regulations implemented or amended after July 1, 1996, in deciding whether to grant them parole. See Objections, Doc. 9, p. 3 ("R.C. §5120.021 is the focus, basis, and crux of this case."); p.4 (arguing that procedural due process would be to follow the parole laws in effect as required by § 5120.021). However, the plain language of §5120.021 only governs the applicability of <u>statutory</u> provisions contained in Ohio Rev. Code Chapter 5120. See §5120.021(A) and (B)(referring to "[t]he provisions of Chapter 5120. of the Revised Code"). In their complaint, plaintiffs have identified no post-July 1, 1996, statutory provision in Chapter 5120 which is being erroneously

6

applied to their parole hearings by the APA.

No statutory provision in Chapter 5120 limits the authority of the APA or the director of the department of rehabilitation and correction to amend the APA regulations applicable to parole hearings. In fact, Ohio Rev. Code §5120.01, first enacted in 1972 (prior to the July 1, 1996, cut-off date specified in §5120.021), grants the director of rehabilitation and correction the authority to prescribe rules and regulations pertaining to the duties conferred upon the various institutions and divisions of the department. Ohio Rev. Code §5149.02 (a provision not contained in Chapter 5120 and therefore not limited by §5120.021) creates the division of parole within the department of rehabilitation and correction. Section 5149.02 states that the APA "shall operate under rules adopted by the director" and gives the chief of the division of parole the authority to "adopt supplemental rules governing the operation of the authority[.]" §5149.02. Section 5120.021 does not preclude the defendants from applying APA regulations adopted and or amended after July 1, 1996, to defendants convicted of offenses committed prior to July 1, 1996. Plaintiffs' reliance on §5120.021 does not save their due process claims.

B. Eighth Amendment Claims

Plaintiffs also contend that the defendants' alleged infringement of §5120.021 resulted in violations of the Eighth Amendment's prohibition against cruel and unusual punishment. See Objections, Doc. 9, p. 13 (Eighth Amendment violation resulted from defendants' actions contrary to §5120.021). The magistrate judge found that the application of current APA regulations to parole

7

hearings did not constitute an Eighth Amendment violation.

The Eighth Amendment prohibits punishment that contravenes the civilized standards of humanity and decency, or which involves the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 102-03 (1976). To prove an Eighth Amendment violation, an inmate must show that he has been deprived of the minimum civilized measures of life's necessities. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). No such allegations are found in the complaint.

Plaintiffs allege in conclusory fashion that the application of the APA regulations to them has resulted in a delay of their release on parole. However, as noted above, a convicted person has no constitutional right to be conditionally released before the expiration of a valid sentence. See Greenholtz, 442 U.S. at 7. A sentence within the statutory maximum set by statute generally does not constitute cruel and unusual punishment. Austin v. Jackson, 213 F.3d 298, 302 (6th Cir. 2000). Plaintiffs do not allege that they have been held beyond the maximum term of imprisonment imposed upon them as authorized by the statutes under which they were convicted. Even assuming that plaintiffs could assert an Eighth Amendment claim based on the alleged violation of §5120.021 by the defendants, no violation of that section has been pleaded in the complaint, nor have plaintiffs pleaded any facts sufficient to otherwise establish an Eighth Amendment violation. The court agrees with the recommendation of the magistrate judge that plaintiffs' complaint fails to state a colorable Eighth Amendment claim.

C. Ex Post Facto Violations

Plaintiffs also allege that the retroactive application by the

APA of rules and regulations amended or implemented after July 1, 1994, resulted in ex post facto violations.  Again, this court has determined that §5120.021 does not preclude defendants from applying APA rules and regulations amended or adopted after July 1, 1996, to plaintiffs' parole hearings.  Therefore, to the extent that plaintiffs' ex post facto claims rely on an alleged violation of §5120.021, they fail to state a claim.  Insofar as plaintiffs' complaint may be construed as alleging ex post facto violations independent of §5120.021, the magistrate judge correctly concluded that plaintiffs failed to state colorable ex post facto claims.

An ex post facto law applies to events occurring before its enactment, and must disadvantage the offender affected by it.  Dyer v. Bowlen, 465 F.3d 280, 285 (6th Cir. 2006).  In Garner v. Jones, 529 U.S. 244 (2000), the Supreme Court held that parole guidelines that affect the exercise of the Board's discretion are subject to ex post facto scrutiny.  Id. at 253.  The relevant inquiry is whether retroactive application of parole regulations creates a "sufficient risk of increasing the measure of punishment attached to the covered crimes."  Id. at 250.  Plaintiffs can make this showing in one of two ways.  First, plaintiffs can establish an ex post facto violation if they can show that a regulation on its face shows a significant risk of increased incarceration.  Id. at 255.  Second, where the regulation by its own terms does not show a significant risk, plaintiffs "must demonstrate, by evidence drawn from the [regulation's] practical implementation by the agency charged with exercising discretion, that its application will result in a longer period of incarceration than under the earlier [regulations]."  Id.

In the body of their complaint, plaintiffs refer in general terms to various regulations and statutory provisions. They challenge the retroactive application of Ohio's victims' rights statutes. These statutes include: Ohio Rev. Code §5149.10(B), which requires the appointment to the parole board of one member who has been a victim of a crime, is a member of a victim's family, or is a representative of a victim's advocacy organization; Ohio Rev. Code §2967.12, which requires the APA to notify certain offices and officials, as well as the victim's family member or representative, of the pendency of parole and the opportunity to request a full parole board hearing; Ohio Rev. Code §5149.101(A)(1), which permits the Ohio Victims' Services to petition the parole board for a full board hearing; and Ohio Rev. Code §5149.101(A)(2), which makes a full board hearing mandatory in the case of inmates convicted of murder and aggravated murder. However, plaintiffs do not allege how their parole hearings were affected or influenced by these provisions. See Allen v. Collins, 529 F.App'x 576, 582-83 (6th Cir. 2013)(rejecting ex post facto attack on Ohio's parole policies where plaintiff failed to identify the purported changes in parole policies that affected him). In addition, courts have found that because the Ohio victims' rights statutes are merely procedural in nature, their retroactive application does not implicate the Ex Post Facto Clause or increase an inmate's punishment. See Berk v. Moore, No. 2:10-CV-1082, 2012 WL 3780303 at *3-5 (S.D. Ohio Aug. 31, 2012); Bruggeman, 2011 WL 109478 at *7-8; Ridenour v. Collins, 692 F.Supp.2d 827, 837 (S.D. Ohio 2010).

Plaintiffs also refer to Ohio Admin. Code Ohio §5120:1-1-10.

Ohio Admin. Code §5120:1-1-10(A) provides that the initial parole hearing shall be held on or about the date on which the prisoner first becomes eligible for parole. Ohio Admin. Code §5120:1-1-10(B)(1) formerly provided that if parole was denied at the first hearing, the board was required to set a time for a continued hearing not more than five years after the date of the initial hearing "unless the parole board determines sufficient cause has been demonstrated to set a date in excess of five years[.]" This provision would have permitted the board, upon a finding of sufficient cause, to schedule the second hearing at any time, with no limitation. The regulation was amended in 1998, and now requires the board to set the time "for a subsequent hearing, which shall not be more than ten years after the date of the hearing." Ohio Admin. Code. §5120:1-1-10(B)(2).

Nothing on the face of this provision indicates that it creates a substantial risk of an inmate serving a longer period of incarceration. Under either provision, the board has discretion in scheduling the next hearing date. In Richard v. Mohr, No. 11AP-780 (10th Dist. unreported), 2012 WL 4466481 at *3 (Ohio App. Sept. 27, 2012), aff'd 135 Ohio St.3d 373, 987 N.E.2d 650 (2013), the Ohio Tenth District Court of Appeals rejected plaintiffs' argument that this regulation created a significant risk of increased punishment which violated the Ex Post Facto Clause. See also Robinson v. Tambi, No. 03CA17 (4th Dist. unreported), 2004 WL 1202741 at *2-3 (Ohio App. May 28, 2004)(change in parole guidelines designating when an offender is entitled to parole hearings does not amount to an ex post facto law). In addition, the complaint indicates that in recent years, the board has scheduled plaintiffs' subsequent

11

parole hearings with gaps of five years or less in between, i.e., within the five-year limit specified in the former version of §5120:1-1-10(B). These facts fail to support plaintiffs' claims for injunctive relief based on their allegations that they face a substantial risk of a longer sentence due to the current version of §5120:1-1-10(B).

In the section of their complaint which addresses the claims of each individual plaintiff, plaintiffs have made conclusory allegations that cumulative changes in the parole laws and applied retroactively to them have increased the length of incarceration before parole. Complaint, ¶¶ 54, 61, 70. However, an ex post facto claim based on the "cumulative effects" of parole changes is insufficient where the plaintiff fails to identify the purported changes in parole policies that have affected him and that created the supposed cumulative effects. See Allen, 529 F.App'x at 582-83 (rejecting ex post facto attack on Ohio's parole policies where plaintiff failed to identify purported changes in parole policies which created the alleged cumulative effects).

Plaintiff Richard alleges that he had his first parole hearing in 2002. At that time, he was told that the APA wanted him to serve 270 months. Complaint, ¶ 48. His next hearing was in 2009, see Complaint, ¶ 49, which was more than five years from his initial hearing. However, even under the former version of §5120:1-1-10(B)(1), the board had the authority to schedule a second parole hearing beyond the five-year cap if "sufficient cause has been demonstrated." The complaint also states that Richard had a parole hearing in 2011 and that his next hearing is scheduled in December, 2014, both within the five-year period specified in the

former regulation. Complaint, ¶¶ 50, 53.

Richard has pleaded no facts showing that the period between his parole hearings was attributable to the amendment of §5120:1-1-10(B) as opposed to other factors legitimately taken into account by the board in exercising its discretion and finding cause to schedule the next hearing beyond the former five-year limit. As the Sixth Circuit noted in Foster v. Booker, 595 F.3d 353 (6th Cir. 2010), rejecting plaintiffs' ex post facto attack on changes to Michigan's parole system, "To the extent that plaintiffs have shown they face a significant risk of increased punishment under the new parole regime, plaintiffs have not shown that this risk is attributable to statutory changes to the parole process and not to a change in the way the Board legitimately exercises its discretion." 595 F.3d at 362. The court agrees with the determination of the magistrate judge that Richard has failed to assert a colorable ex post facto claim.

The complaint alleges that plaintiff Calo was first eligible for parole in 1999. He received a "paper-correction-hearing" in 2005, then a parole eligibility hearing in 2009. Complaint, ¶ 59. Although it is not alleged in the complaint, Richard indicated in a letter filed with the court on January 31, 2014 (Doc. 6) that Calo had another hearing in December, 2013, and that his next hearing was scheduled in four years. The complaint alleges no facts which would indicate that the ten-year period between Calo's initial 1999 hearing and the hearing in 2009 was attributable solely to the revised version of §5120:1-1-10(B), as opposed to other factors considered by the board in exercising its discretion. Even under the former version of §5120:1-1-10(B), the board had the

13

discretion to schedule Calo's second and subsequent hearings beyond the five-year limit. The court agrees with the determination of the magistrate judge that Calo has failed to assert a colorable ex post facto claim.

Plaintiff Jolly alleged that the "1998 Guidelines and 1998 version [§5120:1-1-10(B)(2)]" were retroactively applied to him at a 2002 parole hearing. Jolly alleges that he received his second parole hearing in 2012. Complaint, ¶ 67. His next hearing is in 2017, within the five-year cap applicable in the former version of the regulation. Complaint, ¶ 68. As in the cases of Richard and Cano, Jolly's claim of an ex post facto application of §5120:1-1-(B)(2) fails to state a claim for relief. In regard to the alleged application of the 1998 parole guidelines, the complaint does not specify what particular provisions of those guidelines resulted in an impermissible ex post facto increase in the amount of time Jolly would serve. The magistrate judge correctly concluded that Jolly's conclusory allegations that these provisions have increased the length of his incarceration are "'pure conjecture.'" Doc. 3, p. 7 (quoting Morehouse v. Mauser, 2:10-CV-45, 2011 WL 249490 at *6 (S.D. Ohio Jan. 26, 2011)). See also Mubashshir v. Bradshaw, 525 F.App'x 346, 349 (6th Cir. 2013)(noting that Ohio courts have consistently rejected arguments that changes in Ohio's parole procedures constitute an ex post facto violation, and that petitioner's argument that he would have been released earlier under the old guidelines "is merely speculative"). In addition, Jolly has alleged no facts which would show that any significant risk of increased punishment in his case was due to the application of the 1998 Guidelines as opposed to the "considerable decision-

making discretion" which Ohio's parole system grants to the parole board. See Powers v. Collins, No. 2:09-cv-501, 2010 WL 5829215 at 6-7 (S.D. Ohio Sept. 27, 2010)(citing Foster, 595 F.3d at 362).

The magistrate judge also correctly noted that, insofar as plaintiffs are asserting ex post facto claims concerning the application of amended parole regulations or guidelines at parole hearings which occurred prior to October 11, 2011, such claims are barred by the two-year statute of limitations applicable in Ohio to §1983 actions. See Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir. 1989). To the extent that plaintiffs are seeking declaratory and prospective injunctive relief for their ex post facto claims, their complaint fails to state a claim for relief, as discussed above. As to injunctive relief, plaintiffs have not pleaded facts showing that they have a strong likelihood of success on the merits or that they would suffer irreparable injury absent an injunction, and an injunction could substantially impede the APA's exercise of its legitimate exercise of discretion in determining parole eligibility, contrary to the public's interest. See Bays v. City of Fairborn, 668 F.3d 814, 818-19 (6th Cir. 2012)(listing factors for consideration of a preliminary injunction). In addition, because the APA guidelines first adopted in 1998, and later amended in 2000 and 2007, were ultimately abandoned by the parole board in 2010, see Berk, 2012 WL 3780303 at *6, any claim for declaratory and injunctive relief based on those guidelines must be dismissed as moot. See Allen, 529 F.App'x at 578-81 (district court correctly found that plaintiff's request for declaratory and injunctive relief based on the Ohio 2007 parole guidelines was moot).

III. Conclusion

     Having reviewed the report and recommendation and plaintiffs' objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiffs' objections are without merit. For the foregoing reasons, the court overrules plaintiffs' objections (Doc. 9), and adopts the magistrate judge's January 23, 2014, report and recommendation (Doc. 3). This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The clerk shall enter judgement dismissing this case.

Date: March 5, 2014            s/James L. Graham  
                                        James L. Graham  
                                        United States District Judge