IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION 00003

**DONALD RICHARD,** *et al.*,

    **Plaintiffs,**

  vs.                                Case No. 2:13-cv-1013
                                        JUDGE JAMES L. GRAHAM
                                        Magistrate Judge King

**GARY C. MOHR,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiffs, state prisoners who were convicted and sentenced before 1996, brought this civil rights action under 42 U.S.C. § 1983 alleging that the retroactive application of Ohio's parole laws and guidelines violated their rights under the Eighth Amendment, the Due Process Clause, the Ex Post Facto Clause, and O.R.C. § 5120.021. On March 5, 2014, this Court, acting pursuant to 28 U.S.C. § 1915A(b)(1), dismissed the *Complaint* for failure to state a claim upon which relief can be granted. *Order*, ECF No. 10; *Judgment*, ECF No. 11. The United States Court of Appeals for the Sixth Circuit affirmed that judgment, *Richard, et al. v. Mohr*, No. 14-3420 (6th Cir. Jan. 23, 2015), and the United States Supreme Court denied *certiorari. Richard v. Mohr*, No. 15-6914 (Sup. Ct. Jan. 20, 2016). This matter is now before the Court on the motion for relief from judgment, filed by plaintiffs Richard and Calo. *Plaintiffs['] Motion for Relief from Judgment, or Order, for March 5, 2014, pursuant to Federal Civil Rule 60(B)($), (6) and (d)(3), for After Discovered Fraud upon the Court and Fraud by the*

1

*Court Evidentiary Hearing Requested Hereon,* ECF No. 22 (hereinafter "*Motion for Relief from Judgment*").

In the *Motion for Relief from Judgment*, Plaintiffs assert that the District Judge and the undersigned engaged in "willful blindness" and "deliberate ignorance" of controlling state court authority, *id*. at PageID# 149, and that the District Judge should have recused himself because one of the named Defendants, Andre Imbrogno, was an extern in the District Judge's chambers while a law student some fifteen years prior to the institution of this action. *Id*. Neither assertion warrants the relief sought in the *Motion for Relief from Judgment*.

The second proffered basis for relief was the subject of Plaintiffs' separate motion asking the District Judge to recuse himself. *Motion to Recuse Judge James L. Graham, pursuant to 28 USC 455(a)(b)(1)(2)-(5)(iv),* ECF No. 23. The District Judge denied that motion, reasoning as follows:

> The court finds that its brief period of contact with Mr. Imbrogno fifteen years prior to the filing of this suit does not constitute grounds for recusal under the rules [invoked by Plaintiffs]. The records of the chambers of the undersigned judge confirm that Mr. Imbrogno served an externship for a three-to-four month period in 1998. However, Mr. Imbrogno had no further communication or contact with the undersigned judge or chambers staff after the completion of the externship. In no sense did the type of friendship or close relationship arise during this brief externship period that would permit the undersigned judge's partiality to be reasonably questioned.

*Order*, ECF No. 24, PageID# 170-71. That same reasoning applies to the *Motion for Relief from Judgment* and, to the extent that that motion raises the same ground for relief, that motion is without merit.

The *Motion for Relief from Judgment* invokes Rule 60(b)(4) and (b)(6) of the Federal Rules of Civil Procedure. As an initial matter, motions under Rule 60(b)(4) and (b)(6) must be filed "within a reasonable time." Rule 60(c)(1). Plaintiffs' *Motion for Relief from Judgment* was filed more than five (5) years after this Court entered judgment, and more than three (3) years after the United States Supreme Court denied *certiorari*. Plaintiffs' *Motion for Relief from Judgment* does not rely on facts[1] or authority not available to Plaintiffs at the time that judgment was entered, and Plaintiffs offer no persuasive justification for their delay in filing the *Motion for Relief from Judgment*. For this reason alone, the motion is without merit.

Even considering the substance of the *Motion for Relief from Judgment*, the Court concludes that the motion is without merit. Rule 60(b)(4) permits a District Court to grant relief from a judgment if "the judgment is void." The United States Supreme Court has defined a "void" judgment within the meaning of Rule 60(b)(4) as a "nullity," *i.e.*, a judgment "so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Void judgments are exceedingly rare, however. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at

---

[1] Even assuming that Plaintiffs only recently learned of Mr. Imbrogno's externship with the District Judge, for the reasons stated *supra*, that fact does not warrant relief from the judgment entered in this action.

3

271. "'A judgment is not void. . . simply because it is or may have been erroneous.'" *Id*. at 270 (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)).

The judgment entered in this case was not void because "[f]ederal courts have authority to entertain § 1983 actions and to dismiss them" for failure to state a claim upon which relief can be granted. *Manohar v. Massillon Community Hospital*, 208 F.3d 214 (Table), 2000 WL 302776 (6th Cir. 2000). This Court was, without question, vested with the jurisdiction to entertain the claims presented by Plaintiffs in this action. Moreover, and notwithstanding Plaintiffs' disagreement with the judgment entered by this Court, Plaintiffs were granted notice and the opportunity to be heard and were therefore not denied due process in connection with the resolution of the action. The judgment entered by this Court was therefore not void within the meaning of Rule 60(b)(4).[2]

Plaintiffs also invoke Rule 60(b)(6), which authorizes relief for "any other reason that justifies relief," and Rule 60(d)(3), which authorizes a federal court to "set aside a judgment for fraud on the court." Relief under Rule 60(b)(6) is available "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) (internal quotation marks omitted). The "fraud on

---

[2] Although Plaintiffs characterize the action as an "original action in mandamus," and insist that the "proper caption is State ex rel. Richard v. Mohr," *Motion for Relief from Judgment*, PageID# 150, Plaintiffs also acknowledge in the motion that the action was filed "under Title 42 USC § 1983…." *Id*.

4

the court" contemplated by Rule 60(d)(3) has been defined as "'egregious conduct involving a corruption of the judicial process itself.'" *Gen. Medicine, P.C. v. Horizon/CMS Health Care Corp.*, 475 F.App'x 65, 71 (6th Cir. 2012)(quoting 11 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 2870). Movants seeking to establish fraud sufficient to warrant relief from judgment must present clear and convincing evidence of

> (1)[conduct] on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4)is a positive averment or a concealment when one is under a duty to disclose; and (5)deceives the court.

*Johnson v. Bell,* 605 F.3d 333, 339 (6th Cir. 2010); *Carter v. Anderson*, 585 F.3d 1007, 1011-12 (6th Cir. 2009).

In support of their motion, Plaintiffs complain that the assigned judicial officers engaged in "'willful blindness' and 'deliberate ignorance' of controlling case law...." *Motion for Relief from Judgment*, PageID# 149.[3] However, the cases cited by Plaintiffs simply do not support either the claims originally asserted in this action or Plaintiffs' *Motion for Relief from Judgment*. *See State ex rel. Blake v. Shoemaker*, No. 81 AP-487 (Ohio App. 10th Dist., Jan. 26, 1982)(finding no constitutional due process right in parole procedures); *State ex rel. Blake v. Shoemaker*, 4 Ohio St. 3d 42 (1983) (finding no constitutional due process rights in connection with laws governing parole in Ohio); *Inmates of Orient Correctional Institute v. Ohio State Adult Parole Authority*, 929 F.2d 233 (6th Cir. 1991)(holding

---

[3] As noted *supra*, the Court has already considered and rejected Plaintiffs' other ground for relief from judgment, *i.e.*, the externship of one of the named Defendants.

5

that there is no constitutionally protected liberty interest in a conditionally granted parole). The fact that a minority of Ohio Supreme Court Justices may have expressed disagreement with these holdings, *see State ex rel. McCall v. Gall*, 147 Ohio St. 3d 1476, 2016-Ohio-8439 (Table) (Dec. 28, 2016), is of course immaterial. Other cases cited by Plaintiffs in their motion do not address either the claims originally asserted in this action or the contentions presented in the *Motion for Relief from Judgment*. *See Ridenour v. Wilkinson*, 2007-Ohio-5965, 2007 WL 3293371 (Ohio App. 10th Dist., Nov. 7, 2007)(addressing the retroactive application of laws and regulations governing the cost of inmates' medical care); *Woods v. Ohio Dept. of Rehab. & Corr.*, 2006-Ohio-1800, 2006 WL 903607 (Ohio Ct. Cl. Mar. 7, 2006)(addressing the retroactive application of statutes governing the collection of co-payments in connection with inmates' medical care).

In short, this Court concludes that Plaintiffs are not entitled to relief under Rule 60(b)(4) because the judgment entered by this Court in March 2014 is not void, that Plaintiffs have not established the existence of any exceptional circumstances warranting relief under Rule 60(b)(6) from this Court's judgment dismissing their *Complaint*, and that Plaintiffs have not established fraud on or by this Court sufficient to warrant relief under Rule 60(d)(3).

It is therefore **RECOMMENDED** that Plaintiffs' *Motion for Relief from Judgment*, ECF No. 22, be denied.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)). Filing only "vague, general, or conclusory objections does not meet the

7

requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).


July 10, 2019                                         *s/Norah McCann King*
                                                      Norah McCann King
                                                 United States Magistrate Judge