IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Donald Richard, et al.,

    Plaintiffs,

    v.                              Case No. 2:13-cv-1013

Gary C. Mohr, et al.,

    Defendants.

ORDER

Plaintiffs brought the instant action under 42 U.S.C. §1983 alleging that the retroactive application of Ohio's parole laws and guidelines violated their rights under the Eight Amendment, the Due Process Clause, the Ex Post Facto Clause, and Ohio Rev. Code §5120.021. This action was dismissed on March 5, 2014, for failure to state a claim. The Sixth Circuit Court of Appeals affirmed the dismissal in a decision filed on January 23, 2015. The United States Supreme Court denied plaintiffs' petition for a writ of certiorari on January 20, 2016. On May 10, 2019, plaintiffs Donald Richard and Dennis Calo[1] filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4) and (6) and 60(d)(3). This matter is before the court on the July 10, 2019, report and recommendation of the magistrate judge recommending that the motion be denied. Plaintiffs filed an objection to the report and recommendation on August 19, 2019.

I. Standard of Review

If a party objects within the allotted time to a report and

---

[1] The docket contains numerous entries indicating that mail addressed to the third plaintiff, Ronald Jolly, was returned due to his death.

recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

II. Plaintiffs' Objection

Plaintiff's objection addresses the magistrate judge's discussion of their motion for relief from judgment under Rule 60(b)(4) and (6) and 60(d)(3). The magistrate judge first noted that motions under Rule 60(b)(4) and (b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). She observed that the plaintiffs' motion was filed more than five years after the entry of judgment on March 5, 2014, and that plaintiffs offered no persuasive justification for their delay in filing the motion. The court agrees with that finding.

The magistrate judge also addressed the merits of plaintiffs' motion. Under Rule 60(b)(4), the court can grant relief from judgment if "the judgment is void." Rule 60(b)(4). As the magistrate judge indicated, this provision applies only in the rare instance where the judgment is premised on either a jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard, not simply because the judgment is or may be erroneous. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). The magistrate judge correctly concluded that the judgment in this case is not void because this court had jurisdiction over plaintiff's claims under §1983, and

2

because plaintiffs were not denied due process in connection with the resolution of this action.

Plaintiffs claim in their objection that they were denied due process because, at the time of the original report and recommendation issued on January 23, 2014, their access to research computers was curtailed, and that, at some unspecified point, those computers were removed. This allegation is insufficient to show a denial of due process. The record reveals that after the issuance of the January 23, 2014, report and recommendation, plaintiffs filed a motion on February 10, 2014, for an extension of time to file objections, stating that there were only two word processors at the institution. See Doc. 7. That motion was granted, and the deadline for filing objections was extended to February 26, 2014. See Doc. 8. Plaintiffs made no additional request for an extension. On February 24, 2014, two days before the deadline, plaintiffs filed objections in a document consisting of twenty-one pages of argument and citations to cases and statutes. See Doc. 9. Judgment dismissing this action was entered on March 14, 2014. On March 21, 2014, plaintiffs filed a motion to alter or amend judgment on March 21, 2014. The motion was twenty-eight pages long and included argument and case citations. No claim was made in this document that plaintiffs were unable to adequately advance their arguments. Plaintiffs also pursued an appeal to the Sixth Circuit Court of Appeals, which affirmed the judgment on January 23, 2015, and filed a petition for writ of certiorari in the United States Supreme Court. The record does not substantiate plaintiffs' claims that they were denied due process or a fair opportunity to be heard in the prior proceedings. The objection to the magistrate

judge's findings in regard to plaintiffs' motion under Rule 60(b)(4) is not well taken.

The magistrate judge also addressed plaintiffs motion under Rule 60(b)(6) and (d)(3). Rule 60(b)(6) authorizes relief for "any other reason that justifies relief." Rule 60(b)(6). Relief under that rule is available only in exceptional or extraordinary circumstances which are not addressed by the first five subsections of Rule 60(b). Stokes v. Williams, 475 F.3d 732, 735 (6th Cir. 2007). Rule 60(d)(3) authorizes the court to "set aside a judgment for fraud on the court." The fraud on the court envisioned by this rule is egregious conduct involving a corruption of the judicial process itself. Gen. Medicine, P.C. v. Horizon/CMS Health Care Corp., 475 F.App'x 65, 71 (6th Cir. 2012). Proof of fraud requires clear and convincing evidence of: (1) conduct on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court. Johnson v. Bell, 605 F.3d 333, 339 (6th Cir. 2010).

Plaintiffs argued in their motion that the magistrate judge and this court engaged in willful blindness and deliberate ignorance of the controlling case law in dismissing their claims. In her initial screen report and recommendation of January 23, 2014, the magistrate judge analyzed plaintiffs' claims and the relevant legal authorities and concluded that the complaint failed to state a claim for relief. That conclusion was adopted by this court, and the judgment dismissing the complaint was upheld by the

4

Sixth Circuit Court of Appeals.  In the report and recommendation of July 10, 2019, the magistrate judge found that the cases cited by plaintiffs in their motion to amend judgment do not support either their original claims or their motion for relief from judgment.  Doc. 25, p. 5.

Plaintiffs now allege in their objection that the magistrate judge misled and misrepresented the holdings in cases relevant to plaintiffs' claims and made false, misleading and contrived arguments in support of her recommendations.  However, plaintiffs' objection basically reargues the merits of their claims based on their own interpretation of the case law.  The import of their objection is that the magistrate judge perpetrated a fraud on the court because she did not agree with plaintiffs' view of the legal authorities.  The court finds that the fact that the magistrate judge's interpretation of the legal authorities differed from plaintiffs' reading of these authorities does not establish that a fraud on the court was committed by the magistrate judge in this case.  Likewise, this court did not engage in willful blindness and deliberate ignorance of the controlling case law in dismissing plaintiffs' claims.  Plaintiffs' objection to the magistrate judge's conclusions regarding plaintiffs' motion under Rule 60(b)(6) and (d)(3) is denied.

### III. Conclusion

The court agrees with the report and recommendation, and the report and recommendation (Doc. 25) is hereby adopted. Plaintiffs' objections (Doc. 32) are denied.  The motion for relief from judgment (Doc. 22) is denied.

It is so ordered.

Date: August 23, 2019               s/James L. Graham
                                     James L. Graham
                                     United States District Judge